129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shane Mark BEALS, Petitioner-Appellant,
v.
Miles LONG, Warden, of all Conservation Camps; Frankie Sue
Del Papa; John Slansky; mark Andrews, Lt.,
Respondents-Appellees.
 No. 97-15086.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 16, 1997**
Nov. 4, 1997.
 
 Appeal from the United States District Court for the District of Nevada; CV-95-00601-ECR; Edward C. Reed, Jr., District Judge, Presiding.
 Before: KOZINSKI, MAYER*** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Beals asserts that his guilty plea was involuntary as a matter of law because the trial judge participated in discussions leading to the plea agreement. However, as Beals himself acknowledges, never before has this been held to be a constitutional violation. Since this would be a new rule, we are barred by Teague v. Lane, 489 U.S. 288, 310 (1989), from applying it on collateral review. See also Caspari v. Bohlen, 510 U.S. 383, 389 (1994) (court can raise Teague question sua sponte).
 
 
 3
 Beals next claims ineffective assistance of counsel, arguing that he only pled guilty because his counsel allegedly gave him erroneous advice about possible sentences. This claim may be recognizable on habeas, Hill v. Lockhart, 474 U.S. 52, 60 (1985), only if counsel actually gave erroneous advice. However, during a state evidentiary hearing, Beals' counsel testified that he told Beals the full extent of possible sentences both if he pled guilty and if he went to trial. The state court found this testimony credible. Because this finding is fairly supported in the record, it is entitled to a presumption of correctness, see Tomlin v. Myers, 30 F.3d 1235, 1242 (9th Cir.1994), which Beals has failed to rebut. See 28 U.S.C. § 2254(d) (1994).
 
 
 4
 Finally, Beals argues that his resentencing violated Double Jeopardy. The Supreme Court has held that Double Jeopardy does not limit the power of the state to retry or resentence a defendant who successfully challenged his first conviction or sentence, unless the judge or prosecutor acted in bad faith to harass the accused. See United States v. Dinitz, 424 U.S. 600, 611 (1976). Beals argues that his original sentencing judge engaged in deliberate misconduct by participating in a plea agreement discussion. This assertion is untenable since Beals' own counsel specifically requested the judge's participation.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable H. Robert Mayer, United States Court of Appeals for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3